UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EVELYN PERALTA,<br><br>        Plaintiff<br><br>v.<br><br>U.S. BANK, N.A.,<br><br>        Defendant | C.A. No. |

**<u>DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S NOTICE OF REMOVAL</u>**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1441, Defendant U.S. Bank National Association ("U.S. Bank" or "Defendant") hereby removes the above-captioned action from the Superior Court of the State of Rhode Island for the Counties of Providence and Bristol, Case No. PC-2017-0717, to the United States District Court for the District of Rhode Island.  As grounds for removal to this Court, Defendant states as follows:

      1.     This civil action has been commenced by Plaintiff Evelyn Peralta ("Plaintiff") and is pending in the Superior Court of the State of Rhode Island for the Counties of Providence and Bristol.  Such court is embraced by this Court's judicial district.  *See* 28 U.S.C. § 120.

      2.     The earliest time any defendant received a copy of the initial pleading setting forth the claims for relief upon which this action is based was on May 2, 2017, when U.S. Bank received Plaintiff's Complaint by United States certified mail.  (*See* Decl. of William Wells in Supp. of U.S. Bank National Association's Notice of Removal ("Wells Decl.") ¶ 3 Ex. A (envelope and tracking information).)

      3.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders in this action that Plaintiffs have filed or otherwise delivered

to Defendant are attached to this Notice of Removal as **<u>Exhibit 1</u>**.

4. This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), which creates jurisdiction over lawsuits where (1) complete diversity of citizenship exists between all defendants and the plaintiffs; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Both requirements are met here.

5. As alleged in her Complaint, Plaintiff is a citizen of the State of Rhode Island, and resides at 95-97 Atlantic Avenue, Providence, Rhode Island 02909 (the "Property"), and by filing this action to claim and maintain ownership over the Property, has expressed her intent to remain in Rhode Island indefinitely. Compl. ¶ 15; *see Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768-69 (8th Cir. 2005) ("Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely").

6. Defendant U.S. Bank is a national banking association formed under title 12, chapter 2, of the United States Code. For purposes of determining diversity jurisdiction, a national banking association is deemed a citizen of the state in which it is "located." 28 U.S.C. § 1348. A national banking association is "located" only in the state of its main office as designated in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); *see also McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012). Pursuant to U.S. Bank's articles of association, U.S. Bank's main office shall be, and is, established in Cincinnati, Ohio. (Wells Decl. ¶ 4.) Accordingly, U.S. Bank is a citizen of the state of Ohio. *See* 28 U.S.C. § 1348.

7. As a citizen of Ohio, U.S. Bank is therefore of diverse citizenship to Plaintiff, who is a citizen of Rhode Island. *See* 28 U.S.C. §§ 1332(a)(2) & (c).

8. Although Plaintiff does not state the exact amount of damages sought, the amount in controversy is met here because the value of the relief sought in Plaintiff's Complaint exceeds the jurisdictional amount of $75,000.

9. The amount in controversy for removal jurisdiction is determined at the time of removal. *Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 40 (1st Cir. 2016). If a complaint does not specify a damages amount, the removing party has the burden of establishing by a preponderance of the evidence that the amount in controversy requirement is met. *Messier v. ACE Am. Ins. Co.*, 2013 WL 5423716, at *3 (D. R.I. Sept. 26, 2013) (quoting 28 U.S.C. § 1446(c)(2)(B) and *Providence Piers, LLC v. SMM New England, Inc.*, 2013 WL 178183, at *3 (D.R.I. Jan. 16, 2013)). The "court can consider 'summary-judgment-type' evidence in determining whether the amount in controversy exceeds $75,000." *Messier*, 2013 WL 5423716, at *3 (quoting *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 220 (D.N.H. 2004)).

10. The "[a]mount in controversy is usually assessed from the viewpoint of the plaintiff." *CE Design Ltd. v. Am. Economy Ins. Co.*, 755 F.3d 39, 43 (1st Cir. 2014). Here, Plaintiff seeks monetary damages from U.S. Bank in an amount exceeding $75,000 for, among other things, "loss of equity, lost opportunities to work-out [her] mortgage delinquency, . . . imposition of inappropriate foreclosure fees and costs," and "severe and extreme emotional and mental distress." (Compl. ¶¶ 91-92.) On its face, Plaintiff's Complaint states an amount in controversy in excess of $75,000 exclusive of interest and costs.

11. Standing alone, Plaintiff's claim for "loss of equity" damages exceeds $74,000. At the foreclosure sale, the Property sold to a third-party bidder for $141,000, and the appraised value of the Property was equal to $215,000 according to public 2016 property tax records—a difference of $74,000. (Wells Decl. ¶¶ 5-6, Ex. B, Foreclosure Deed & Ex. C, Property Tax Appraisal.) Thus, based on the property tax appraisal and the results of the foreclosure sale, Plaintiff's "loss of equity" claim, by itself, presents an amount in controversy of at least $74,000.

12. The remainder of Plaintiff's damages claims easily exceed the

additional $1,000 needed to meet the $75,000 jurisdictional threshold.  Plaintiff incurred over $1,600 in late fees and foreclosure charges such as property inspection and appraisal fees related to the foreclosure of her property.  (Wells Decl. ¶¶ 7-8.)  Plaintiff seeks to recover these amounts from U.S. Bank in this action.  (Compl. ¶ 91.)

13. Moreover, there is no doubt that Plaintiff values her claims for "severe and extreme emotional and mental distress" and for "lost opportunity" to remain in the property, to be well in excess of $1,000.  (Compl. ¶ 92.)  Because Plaintiff seeks damages in excess of $75,000, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

14. Plaintiff's claims for declaratory and injunctive relief also satisfy the jurisdictional "amount in controversy" requirement.  In "actions seeking declaratory or injunctive relief it is well established that the amount in controversy is measured by the value of the object of the litigation." *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) (quoting *Hunt v. Wash. Apple Adver. Com'n*, 432 U.S. 333, 347 (1977)). Put simply, "the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Farkas v. GMC Mortg. LLC*, 737 F.3d 338, 341 (5th Cir. 2013); *Wilbert v. Unum Life Ins. Co.*, 981 F. Supp. 61, 64 (D.R.I. 1997) (same).

15. In this case, Plaintiff seeks to void the foreclosure and "to clear [her] title[] of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4." (Compl. ¶¶ 13, 78.)  Plaintiff further seeks an injunction "requiring that the Defendant be prevented from [sic] foreclosure action against Plaintiff and all others so similarly situated . . . ." (*Id.* ¶ 82.)  "The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by [U.S. Bank], . . . establishes the [plaintiff's] propert[y] as the object of the present litigation." *Farkas*, 737 F.3d at 341 (finding diversity jurisdiction satisfied where plaintiff sought to enjoin the foreclosure of property

worth more than $75,000).

16.     As is the case here, when a plaintiff seeks to enjoin or void a foreclosure, the value of the mortgaged property establishes the amount in controversy because the plaintiff's right to ownership of the property is the object of the litigation. *Id.*; *see Chapman v. Deutsche Bank Nat. Trust co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011); *Barbosa v. Wells Fargo Bank*, 2013 WL 4056180, at *5 (D. Mass. Aug. 13, 2013); *Bedard v. MERS, Inc.*, 2011 WL 1792738, at *3 (D.N.H. May 11, 2011) (collecting cases).

17.     The value of the Property here exceeds $75,000. According to 2016 property tax records, the Property has an appraised value of $215,000.[1] (Wells Decl. Ex. C.) *See Klein v. Wells Fargo Bank, N.A.*, 2014 WL 5685113, at *3 (W.D. Tex. Nov. 4, 2014) ("[A] recent tax appraisal of the Property indicates its current assessed value is $214,831. Therefore, the right to be protected or the extent of the injury to be prevented exceeds $75,000, and the amount in controversy requirement is satisfied"). The amount in controversy requirement is therefore met and this Court has subject matter jurisdiction.

18.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331(a)(1), which creates federal jurisdiction over lawsuits arising "under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists even if the actual claims are brought under state law. There is federal question jurisdiction if "it 'appears from the [complaint] that the right to relief depends upon the construction or application of federal law.'" *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (quoting *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921)).

19.     Plaintiff's requested relief depends upon the construction or

---

[1] Plaintiff alleges the original principal balance of her loan was $91,800. (Compl. ¶ 30.) That Plaintiff was able to secure a loan in that amount in exchange for a security interest in the Property further proves that the Property's value exceeds $75,000. *See Barbosa*, 2013 WL 4056180, at *5 (holding that original principal balance of mortgage loan "suffices to show . . . that the value of the [mortgaged] property exceeded $75,000").

application of federal law.  Plaintiff's wrongful foreclosure claims arise from her allegation that Plaintiff's mortgage loan was insured and owned by the "United States Federal Housing Authority" [*sic*] ("FHA"), and that U.S. Bank violated federal regulations issued by the "Secretary of the Department of Housing and Urban Development, codified under 24 CFR 203.604(b)" that impose conditions to foreclosing FHA-insured mortgage loans. (Compl. ¶¶ 3, 13, 18-27.)  Not only does Plaintiff predicate her equitable claims on these federal regulations, she also seeks "actual, exemplary, punitive, and monetary damages for Defendant's violation of . . . 24 C.F.R. 203.604(b)."  (Compl. ¶ 13.)  Thus, because Plaintiff's Complaint seeks relief that depends on the construction and application of federal law, this Court also has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331(a)(1).

20. Nothing in this Notice of Removal shall be interpreted as an admission or a waiver of any right to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12(b), or otherwise, including, but not limited to, Defendant's right to seek dismissal for Plaintiff's failure to state a claim upon which relief can be granted, and Defendant's right to contest any element of Plaintiff's claims, including causation and damages.

21. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional arguments apparent on the face of the Complaint that may independently support a basis for removal.

22. Written notice of the filing of this Notice of Removal will be given to Plaintiff promptly after the filing of the Notice of Removal as required by 28 U.S.C. § 1446(d).  In addition, as required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed promptly with the Clerk of Court for the Superior Court of the State of Rhode Island for the Counties of Providence and Bristol, after the filing of this Notice of Removal.

        U.S. BANK NATIONAL ASSOCIATION

        By Its Attorneys,

        PARTRIDGE SNOW & HAHN LLP

        */s/ David J. Pellegrino*
        David J. Pellegrino (#7326)
        40 Westminster Street, Suite 1100
        Providence, RI  02903
        (401) 861-8200
        (401) 861-8210 FAX
        djp@psh.com
        -and-

        DORSEY & WHITNEY LLP

        Skip Durocher (*pro hac forthcoming*)
        Eric R. Sherman (*pro hac forthcoming*)
        Michael Stinson (*pro hac forthcoming*)
        50 South Sixth Street, Suite 1500
        Minneapolis, MN 55402-1498
        (612) 340-2600
        (612) 340-2868 FAX

DATED:  June 1, 2017

## CERTIFICATE OF SERVICE

        I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 1, 2017.

        */s/ David J. Pellegrino*

3067418.1/9410-56