PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. PC-2017-0717

| | | |
|---|---|---|
| Evelyn Peralta<br>v.<br>U.S. Bank, N.A. | §<br>§<br>§<br>§<br>§ | Location: **Providence/Bristol County Superior Court**<br>Filed on: **02/14/2017**<br>US District Court Case Number: **1:17-CV-00263** |

---

### CASE INFORMATION

**Statistical Closures**
06/02/2017    Closed - Unassigned

Case Type: **Civil Action**

Case Status: **06/02/2017   Closed**

Case Flags: **Claim for Jury Trial**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number          PC-2017-0717<br>Court                      Providence/Bristol County Superior Court<br>Date Assigned         02/14/2017 |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Peralta, Evelyn** | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| **Defendant** | **U.S. Bank, N.A.** | **PELLEGRINO, DAVID J.**<br>*Retained*<br>4018618200(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 06/02/2017 | Closed Unassigned |
| 06/02/2017 | Case Removed to US District Court |
| 06/01/2017 | Notice of Removal<br>*Notice of Filing of Notice of Removal* |
| 06/01/2017 | Stipulation Filed Extension of Time<br>*Stipulation to Extend Time* |
| 05/31/2017 | Entry of Appearance<br>*Entry of Appearance* |
| 03/07/2017 | Summons |
| 02/14/2017 | Claim of Jury Trial Filed<br>*Complaint Filed, Jury Trial Demanded* |

*Printed on 06/02/2017 at 9:07 AM*



### STATE OF RHODE ISLAND
### AND PROVIDENCE PLANTATIONS

## CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

| Case Information |
| --- |

Case Caption: __Evelyn Peralta__ vs. __U.S. Bank, N.A.__

Federal Court Case No. __1:17-CV-00263__   State Court Case No. __PC-2017-0717__

| Record Information |
| --- |

Confidential:      Yes ☐   No ☑   Description: _____

Sealed documents:   Yes ☐   No ☑   Description: _____

| Certification |
| --- |

I, __Alexa Goneconte__, Clerk of the Rhode Island Superior Court for the County of __Providence__ do certify that the attached documents are all the documents included in the record in the above referenced case.

Date: 06/02/2017

Clerk of Court

/s/ Alexa Goneconte

By ~~Deputy Clerk~~

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC.                                         SUPERIOR COURT

EVELYN PERALTA,

        Plaintiff

v.                                                      C.A. No. PC-2017-0717

U.S. BANK, N.A.,

        Defendant

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO**:    Todd S. Dion, Esq.
       371 Broadway
       Providence, RI 02909
       *Counsel for Plaintiff*

**COUNSEL:**

      **PLEASE TAKE NOTICE** that Defendant, U.S. Bank, National Association, by and through its counsel, hereby gives notice that it has filed in the United States District Court for the District of Rhode Island the attached Notice of Removal with the Clerk of the District Court on June 1, 2017.

      The filing of this Notice effects the removal of this action to the federal court, and this Court is directed to proceed no further unless and until the case is remanded.

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 6/1/2017 4:27:55 PM
Envelope: 1065993
Reviewer: Carol G.

1:17-cv-00263-JJM-PAS   Document 3   Filed 06/02/17   Page 4 of 34 PageID #: 58

U.S. BANK, NATIONAL ASSOCIATION

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP


*/s/ David J. Pellegrino*

David J. Pellegrino (#7326)
Partridge Snow & Hahn LLP
40 Westminster Street, Suite 1100
Providence, RI  02903
(401) 861-8200
(401) 861-8210 FAX
djp@psh.com

DATED:  June 1, 2017

2

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 6/1/2017 4:27:55 PM
Envelope: 1065993
Reviewer: Carol G.

1:17-CV-00263-JJM-PAS   Document 3   Filed 06/02/17   Page 5 of 34 PageID #: 59

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of June, 2017:

☒ I filed this document through the Electronic Filing System.

*The document electronically filed is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.*

☐ I served this document through the Electronic Filing System on the following parties:

*The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.*

☒ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party, if self-represented, as follows:

Todd S. Dion, Esq.
371 Broadway
Providence, RI 02909

/s/ Angela M. Giron

3066499.1

3

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC.                                      SUPERIOR COURT

EVELYN PERALTA,

        Plaintiff

v.                                                   C.A. No. PC-2017-0717

U.S. BANK, N.A.,

        Defendant

## STIPULATION TO EXTEND TIME

        The parties hereby stipulate and agree that Defendant, U.S. Bank, National

Association, shall have up to and including June 22, 2017 to answer or otherwise respond to

Plaintiff's Complaint. Such stipulation shall not waive any right or defense Defendant, U.S.

Bank, National Association may have.

U.S. BANK, NATIONAL ASSOCIATION          EVELYN PERALTA

By Its Attorneys,                        By Her Attorney,

PARTRIDGE SNOW & HAHN LLP


*/s/ David J. Pellegrino*                 */s/ Todd S. Dion*
David J. Pellegrino (#7326)              Todd S. Dion (#6852)
40 Westminster Street, Suite 1100        372 Broadway
Providence, RI 02903                     Providence, RI 02909
(401) 861-8200                           (401) 353-1230
(401) 861-8210 FAX                       (401) 353-1231 FAX
djp@psh.com                              toddsdion@msn.com

DATED: June 1, 2017                      DATED: June 1, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of June, 2017:

☒  I filed this document through the Electronic Filing System.

*The document electronically filed is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.*

☐  I served this document through the Electronic Filing System on the following parties:

*The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.*

☒  I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party, if self-represented, as follows:

Todd S. Dion, Esq.
371 Broadway
Providence, RI 02909

/s/ Angela M. Giron

3065858.1

2

Filed CV-00263-JJM-PAS   Document 3   Filed 06/02/17   Page 8 of 34 PageID #: 62

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC.                                        SUPERIOR COURT

EVELYN PERALTA,

      Plaintiff

v.                                                     C.A. No. PC-2017-0717

U.S. BANK, N.A.,

      Defendant

## <u>ENTRY OF APPEARANCE</u>

      Now comes David J. Pellegrino of the law firm of Partridge Snow & Hahn LLP

and hereby enters his appearance as counsel for Defendant U.S. Bank, National Association.


                            /s/ David J. Pellegrino
                            David J. Pellegrino (#7326)
                            Partridge Snow & Hahn LLP
                            40 Westminster Street, Suite 1100
                            Providence, RI  02903
                            (401) 861-8200
                            (401) 861-8210 FAX
                            djp@psh.com

DATED:  May 31, 2017

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 5/31/2017 3:07:28 PM
Envelope: 1063564
Reviewer: Alexa G.

CV-00263-JJM-PAS   Document 3   Filed 06/02/17   Page 9 of 34 PageID #: 63

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May, 2017:

☒ I filed this document through the Electronic Filing System.

*The document electronically filed is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.*

☐ I served this document through the Electronic Filing System on the following parties:

*The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.*

☒ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party, if self-represented, as follows:

Todd S. Dion, Esq.
371 Broadway
Providence, RI 02909


/s/ Angela M. Giron

3065996.1

STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2017-0717 |
| **Plaintiff**<br>Evelyn Peralta<br>    v.<br>**Defendant**<br>U.s. Bank, N.a. | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1599 SMITH STREET<br>NORTH PROVIDENCE RI  02911 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>461 5th Avenue<br>New York NY  10017 |

**TO THE DEFENDANT, U.S. Bank, N.A.:**

    The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

    As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 3/7/2017. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

| **Plaintiff**<br>Evelyn Peralta<br>v.<br>**Defendant**<br>U.s. Bank, N.a. | **Civil Action File Number**<br>PC-2017-0717 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, U.S. Bank, N.A., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
Name  of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
Name  of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month   Day   Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE


SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or  ☐  proved  to  the  notary  through  satisfactory  evidence  of  identification,  which  was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                    Notary Public: _____
                    My commission expires: _____
                    Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



SC-CMS-1 (revised July 2014)

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

EVELYN PERALTA,                    )
                                   )       CA NO.
    *Plaintiff*,                      )
                                   )       **CLASS ACTION COMPLAINT**
                                   )
vs.                                )       **JURY DEMAND**
                                   )
U.S. BANK, N.A.,                   )
                                   )
    *Defendant*.                     )

---

## INTRODUCTION

1.    Representative Plaintiff Evelyn Peralta, on behalf of herself and all other similarly-situated individuals ("Plaintiffs") brings this class action as described in the paragraphs set forth herein.

2.    Plaintiffs' seek a declaratory judgment that Defendant foreclosed mortgages, sold mortgaged properties at Mortgagee's Foreclosure Sales, and conveyed those properties without possessing specific authority or a power of attorney from note-holder/Lender, Government National Mortgage Association (Ginnie Mae) as is required pursuant to R.I.G.L. § 34-11-34.

3.    The Defendant also was not authorized to accelerate or foreclose Plaintiffs' mortgages as those actions were in breach of paragraph 9(d) of those mortgages and were not permitted by regulations of Secretary of the Department of Housing and Urban Development, codified under 24 CFR 203.604(b). Therefore, this complaint seeks damages arising from the wrongful actions of the Defendant by conducting non-judicial foreclosures, Mortgagee's Foreclosure Sales, and conveying real property in violation of R.I.G.L. § 34-11-34, for breach of contract, and violation of 24 CFR 203.604(b).

1

### JURISDICTION AND VENUE

4.      Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

5.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiffs are typical of the claims of the class.  Further, the Representative Plaintiff will fairly and adequately protect the interest of the class.

6.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

7.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

9.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

10.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

11.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

12.     Pursuant to R.I.G.L. § 34-27-3.2(p), Plaintiff and members of the class claim a right to file and serve on the Defendants mortgagee and servicer/agent this action and file a lis pendens in the records of land evidence in the city or town where the land subject to the mortgage is located.

13.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4, or in the alternative seek actual, exemplary, punitive, and monetary damages for the Defendants violation of R.I.G.L. § 34-11-34, breach of the mortgage contract and violation of 24 CFR 203.604(b).

14.     Plaintiff and members of the class claim a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to their properties are affected by any conveyance of another person in each of their chain of title.

## PARTIES

15.     Representative Plaintiff Evelyn Peralta is a citizen of the State of Rhode Island and claims to be the rightful owner of the property located at 95-97 Atlantic Avenue, Providence, RI 02909, which is the subject property as noted herein.

16.     Defendant U.S. Bank, N.A. (US Bank) is a bank holding and banking related services company located at 461 5th Ave, New York, NY 10017.

## GENERAL FACTS AND RELEVANT BACKGROUND

17.     The majority of mortgages made in this country are securitized. Simply put, the originating lender grants the initial loan and the borrower gives a promissory note (underlying

3

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

1:17-CV-00263-JJM-PAS   Document 3   Filed 06/02/17   Page 17 of 34 PageID #: 71

obligation) and mortgage (security instrument) to that originating lender. The originating lender then typically "pools" that mortgage and note with other mortgages and notes, and sells all of their interest in and title to those notes and mortgages to a trust. The trust then sells "bonds" or "certificates" representing a percentage of the assets of the trust, mainly the notes and mortgages, and the cash flows associated with the monthly payments made thereon.

18.    Mortgages insured by the Federal Housing Authority (FHA) and their corresponding underlying obligations (notes) are originated by entities, such as Defendant US Bank's predecessor in interest, First Star Bank, N.A., and are then pooled and transferred into mortgage backed trusts. Trusts backed by FHA insured mortgage loans are administered by Government National Mortgage Association (Ginnie Mae). Ginnie Mae is a wholly-owned corporate instrumentality of the United States located within the Department of Housing and Urban Development and was created by the Housing and Urban Development Act of 1968, 825 Stat. 491. Its powers are prescribed generally by Title III of the National Housing Act, as amended, Pub. L. 73-479, codified at 12 U.S.C. 1716 et seq.

19.    The originating entity of FHA mortgages is also referred to as an Issuer. After originating a number of FHA mortgages, the Issuer creates pools of mortgages or loan packages of mortgages with those mortgages it has originated or acquired. It prepares and submits documents for each pooled loan to a document custodian (which may be the same entity as the Issuer), and documents describing the pool or loan package as a whole to a Pool Processing Agent ("PPA"). The Issuer markets securities guaranteed by Ginnie Mae that are collateralized by these pools or loan packages. It administers the securities, providing the funds required for monthly payments to be made to security holders and reporting to Ginnie Mae. The Issuer is responsible for

4

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

1:17-cv-00265-JJM-PAS    Document 3    Filed 06/02/17    Page 18 of 34 PageID #: 72

servicing the pooled mortgages until maturity or termination. (See: Exhibit 1; Ginnie Mae MBS Guide, Chapter 1, Sec. 1-10 (B)).

20.     Documents relating to the pooled mortgages must be held by a document custodian, which may be the same entity as the Issuer, on Ginnie Mae's behalf for the life of the pool or loan package. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-1).

21.     The document custodian is required to review and certify for each pool and loan package that the loan and pool or loan package documents placed in its control completely and accurately represent the pool or loan package in accordance with Ginnie Mae requirements. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-3).

22.     One of the documents that must be received and reviewed by the Document Custodian for initial certification of each pooled mortgage is an <u>original note</u>, or other evidence of indebtedness, endorsed in blank and without recourse by the pooling Issuer. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-4(A)(4)).

23.     As noted above at ¶ 22, Documents relating to the pooled mortgages must be held by a document custodian <u>on Ginnie Mae's behalf</u>. As noted above at ¶ 24, one of those documents is the original note, endorsed in blank and without recourse by the pooling Issuer, meaning that Ginnie Mae is the note-holder with respect to all FHA insured mortgage loans, regardless of the identity of the originating Issuer or servicing entity. As such Ginnie Mae is the note-holder/Lender of the mortgage given by Plaintiff Evelyn Peralta as noted herein.

24.     Additionally, all FHA standard mortgage contracts at paragraph 9(d) state that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid.

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

1:17-CV-00263-JJM-PAS   Document 3   Filed 06/02/17   Page 19 of 34 PageID #: 73

Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

25.     At issue in this action is a Regulation codified in USC 24(B)(II)(B) 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

26.     USC 24(B)(II)(B) 203.604(c) further states that a face-to-face meeting is not required if: (1) the mortgagor does not reside in the mortgaged property, (2) the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either, (3) the mortgagor has clearly indicated that he will not cooperate in the interview, (4) a repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or (5) a reasonable effort to arrange a meeting is unsuccessful.

27.     USC 24(B)(II)(B) 203.604(d) additionally states that a reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

## ALLEGATIONS OF THE NAMED PLAINTIFF

28.     The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

CV-00265-JJM-PAS    Document 3    Filed 06/02/17    Page 20 of 34 PageID #: 74

29.      Representative Plaintiff Evelyn Peralta is the owner of certain real property located at 95-97 Atlantic Avenue, Providence, RI 02909, which is the subject property as noted herein. The deed evidencing the transfer of the subject property has been recorded in the City of Providence, Clerk's Office, Land Evidence Records.

30.      On November 26, 1999, Evelyn Peralta executed a mortgage and note both in the amount of Ninety One Thousand Eight Hundred and 00/100 ($91,800.00) Dollars, to First Star Bank, N.A. as lender. Said mortgage was secured against the subject property and recorded in the City of Providence, Clerk's Office, Land Evidence Records in Book 4238 at Page 326 on January 4, 2000. ("The Peralta Mortgage" and "The Peralta Note").

31.      The Peralta Mortgage was designated as an "FHA" mortgage and noted as such on the mortgage itself on page one (1) with the "FHA case number" 702-451-0633113.

32.      Subsequently, after recording of the Peralta Mortgage, US Bank became the Issuer of a pool of mortgages of which the Peralta Mortgage was a part. Plaintiff herein alleges that all right title and interest in the note secured by the Peralta Mortgage, was pooled, sold, and otherwise transferred to Ginnie Mae, who is in fact the Lender and holder of the note given by Plaintiff in return for the mortgage loan as noted herein.

33.      Subsequently US Bank became the mortgagee of the Peralta Mortgage.

34.      On or about October 19, 2016, US Bank caused to be sent to Plaintiff a Notice of Mortgagee's Foreclosure Sale, stating a scheduled mortgagee's sale date of December 13, 2016.

35.      Defendant US Bank foreclosed and the subject property was sold at mortgagee's foreclosure sale on December 13, 2016.

36.      Plaintiff alleges that US Bank did not have a authority or power of attorney from note-holder "Lender" Ginnie Mae, authorizing them to foreclose, sell the subject property at

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

CV-00263-JJM-PAS    Document 3    Filed 06/02/17    Page 21 of 34 PageID #: 75

mortgagee's foreclosure sale, or convey the subject property via foreclosure deed as is required by R.I.G.L. § 34-11-34. As such the foreclosure, mortgagee's foreclosure sale and conveyance by foreclosure deed are invalid, void, and without force and/or effect.

37.    Further, the foreclosure purportedly conducted by US Bank is in breach of the mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

38.    Plaintiff herein alleges that US Bank did not have a face to face interview with him before three full monthly installments due on the mortgage were unpaid, and that US Bank made no effort to arrange such a meeting.

39.    Plaintiff further alleges that her subject property is within 200 miles of a branch office of the Defendant[1]; and that she occupied and still occupies the mortgaged property as her primary residence; and she never clearly indicated to the Defendant that she would not cooperate with such an interview; and she did not enter into a repayment plan, where payments thereunder were current, consistent with her circumstances to bring her account current, thus making a meeting unnecessary.

## CLASS ALLEGATIONS

40.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

41.    Plaintiffs bring this action as a Class Action pursuant to R.I. R. Civ. P. Rule 23.

42.    The Representative Plaintiff sues on behalf of herself and all homeowners or former homeowners since February 2010 whose; mortgages were foreclosed, properties sold at Mortgagee's Foreclosure Sales and conveyed without Defendant possessing specific authority or

---

[1] As example the Defendant's office located at 461 5th Ave, New York, NY 10017 is 176 miles in driving distance from the mortgaged property.

8

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

1:17-CV-00265-JJM-PAS   Document 3   Filed 06/02/17   Page 22 of 34 PageID #: 76

a power of attorney from note-holder/Lender, Government National Mortgage Association (Ginnie Mae) as is required pursuant to R.I.G.L. § 34-11-34;

43.     The Representative Plaintiff sues on behalf of herself and all homeowners or former homeowners since February 2010 wherein Defendant failed to have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage were unpaid; whose properties were within 200 miles of a branch office of the Defendant; who occupied the mortgaged property as their primary residence; who never clearly indicated to the Defendant that they would not cooperate with such an interview; and who did not enter into a repayment plan, where payments thereunder were current, consistent with the their circumstances to bring the their account current thus making a meeting  unnecessary, in breach of the mortgage contract at paragraph 9(d) and in violation of 24 CFR 203.604(b).

44.     The gravity of harm to Plaintiff and members of the class resulting from the Defendant's violations of R.I.G.L. § 34-11-34, breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b) outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

45.     Defendant's conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

46.     Plaintiff and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

47.     Plaintiff and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their

9

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

1:17-CV-00263-JJM-PAS    Document 3    Filed 06/02/17    Page 23 of 34 PageID #: 77

situations through loss mitigation and mediation of their mortgage delinquencies, and extreme emotional distress.

48.    Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4, or in the alternative seek actual, exemplary, punitive, and monetary damages.

49.    Plaintiff claims on behalf of herself and all others so similarly situated that the Defendant's violations of R.I.G.L. § 34-11-34, breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b), are the direct cause of the harms alleged herein.

50.    Excluded from the class are governmental entities, the Defendant, their affiliates and subsidiaries, the Defendant's current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

51.    Plaintiff does not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendant.  Plaintiff believes that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendant's books and records.  Therefore, the class is so numerous that <u>joinder of all members is impracticable</u>. (i.e. Numerosity).

52.    All members of the class have been subject to and affected by the <u>same conduct</u>.

53.    The <u>questions of law and fact are common to the class</u>, and <u>predominate over any questions affecting only individual members of the class</u>. (i.e. Commonality).

54.    The claims of the Named Plaintiff are <u>typical of the claims of the class</u> and do not conflict with the interests of any other members of the class in that the Named Plaintiff and the other members of the class were subject to the same conduct. (i.e. Typicality).

10

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

1:17-cv-00263-JJM-PAS   Document 3   Filed 06/02/17   Page 24 of 34 PageID #: 78

55.  The Named Plaintiff will <u>fairly and adequately represent the interests of the class</u> as a whole.  The Named Plaintiff is committed to the vigorous prosecution of the class claims and has retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

56.  A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

57.  The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

58.  The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59.  It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

60.  The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

61.  It is desirable to concentrate the litigation of the claims in this particular forum.

62.  There are little to no difficulties likely to be encountered in the management of a classification.

**<u>COUNT I</u>**
**DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**
**VIOLATION OF R.I.G.L. § 34-11-34**

63.  Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

11

64.     Plaintiff brings this claim on her own behalf and on behalf of each member of the class described above.

65.     The subject matter note at all times relevant to the foreclosure actions as noted herein was held by Ginnie Mae.

66.     US Bank did foreclose, conduct a mortgagee's foreclosure sales, and conveyed wrongfully foreclosed properties of Plaintiffs, without authority and power of attorney from Ginnie Mae, in violation of R.I.G.L. § 34-11-34 which states in pertinent part;

> **§ 34-11-34 Conveyances executed by attorney – Recording of power.** – Any conveyance executed by attorney shall be as valid as if executed by the grantor herself, <u>providing that a power of attorney be given by such grantor for this purpose</u>; which power and the deed executed by the attorney thereunder shall be signed, acknowledged, delivered <u>and recorded</u> with like formalities prescribed by law concerning deeds from grantors in person. (Emphasis Added).

67.     At all times since February 2010, when foreclosing Plaintiffs' mortgages, selling Plaintiffs' properties and conveying said properties via foreclosure deeds, Defendant was not the note-holder or "Lender" with respect to Plaintiffs' mortgages.

68.     At all times since February 2010, when foreclosing Plaintiffs' mortgages, selling Plaintiffs' properties and conveying said properties via foreclosure deeds, Defendant did not have specific authority or a power of attorney from note-holder "Lender" Ginnie Mae, authorizing them to foreclosure, sell at mortgagee's foreclosure sale, and make conveyance by foreclosure deed of the subject property, as is required pursuant to R.I.G.L. § 34-11-34.

69.     Without authority from Ginnie Mae, Defendant lacked authority to exercise the statutory power of sale in Plaintiffs' mortgages.

70.     Absent Power of Attorney from Ginnie Mae, the conveyances of Plaintiffs' properties via foreclosure deed by Defendant as noted herein are in violation of R.I.G.L. § 34-11-34 and are void, invalid and without force and effect.

71.     As a direct result of Defendant's actions, the Plaintiffs have suffered damages including emotional distress, loss of title to property, improper reporting to credit bureaus, lost opportunities to seek other loss mitigation alternatives to foreclosure, court costs, and attorney's fees in defenses of foreclosure and eviction.

72.     Plaintiffs are entitled to a Declaratory Judgment that the foreclosures, mortgagee's foreclosure sales, and conveyances of their properties via foreclosure deed are void, invalid, and without force and effect.

73.     Plaintiffs are entitled to have their foreclosure deeds rescinded and the titles their properties restored as if no foreclosures had taken place.

74.     As such, the foreclosures and mortgagee's foreclosure sales of Representative Plaintiff's subject property and the properties of the members of the class are therefore void.

75.     Plaintiff claims on behalf of herself and all others so similarly situated that the Defendant lacked of authority and Power of Attorney, from Ginnie Mae, to exercise the statutory power of sale and violation R.I.G.L. 34-11-34, is the direct cause of the harms alleged herein.

76.     Plaintiff and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

77.     Plaintiff and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their

13

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

1:17-CV-00263-JJM-PAS   Document 3   Filed 06/02/17   Page 27 of 34 PageID #: 81

situations through loss mitigation and mediation of their mortgage delinquencies, and extreme emotional distress.

78.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4, or in the alternative seek actual, exemplary, punitive, and monetary damages.

79.     The Plaintiff and members of the class are entitled to a declaratory judgment determining that the foreclosure proceedings and/or sales of their property are void, or in the alternative are entitled to actual, exemplary, punitive, and monetary damages.

80.     Plaintiff and members of the class are entitled to a Court Order requiring that Defendants take all necessary steps to restore legal title to their property as if no foreclosure sale had ever occurred.  In addition, Plaintiffs and members of the class are entitled to be returned to their status and circumstance prior to the wrongful foreclosure sales, or in the alternative are entitled to actual, exemplary, punitive, and monetary damages.

81.     Plaintiff and members of the class are entitled to an injunction requiring that the Defendant be prevented from foreclosure action against Plaintiff and all others so similarly situated, or any eviction action until such time as proper notice is made pursuant to statute.

82.     The Plaintiff and members of the class so similarly situated are entitled to cancellation of costs and fees assessed to their accounts for wrongful foreclosure, together with additional damages.

83.     Defendant's conduct was likely to induce reliance and to create confusion and misunderstanding.

84.     Defendant's conduct as set forth herein is not required, permitted or authorized by any state or federal law.

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin
CV-00265-JJM-PAS    Document 3    Filed 06/02/17    Page 28 of 34 PageID #: 82

85.     Defendant's conduct as set forth herein violates established public policy, and the harms caused to consumers greatly outweighs any benefits associated with that conduct.

86.     Plaintiff and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## <u>COUNT II</u>
## BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE

87.     Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

88.     Plaintiff brings this claim on her own behalf and on behalf of each member of the class described above.

89.     As the entity responsible for servicing Plaintiff and class members mortgage loans, the Defendant owed the Plaintiff and class members a duty of good faith and fair dealing.

90.     By breaching the terms of the mortgage contracts of Plaintiff and members of the class as stated in paragraph 9(d) by proceeding and completing foreclosures when those actions were not permitted by regulations of the Secretary of the Department of Housing and Urban Development as codified in 24 CFR 203.604(b), the Defendant violated this duty.

91.     The Plaintiff and members of the class were damaged by these breaches of duty including without limitation, loss of equity, lost opportunities to work-out his mortgage delinquency, and by imposition of inappropriate foreclosure fees and costs on their accounts.

92.     Plaintiff and members of the class suffered severe and extreme emotional and mental distress as the direct result of the Defendant's actions.

93.     The Plaintiff and members of the class are entitled to a declaratory judgment determining that the foreclosures and mortgagee's foreclosure sales of their properties are void.

15

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

Case 1:17-cv-00263-JJM-PAS    Document 3    Filed 06/02/17    Page 29 of 34 PageID #: 83

94.     The Plaintiff and members of the class are entitled to an injunction preventing the transfer of the right, title, and interest in their properties.

95.     The Plaintiff and members of the class are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

96.     Plaintiff and members of the class are entitled to a Court Order requiring that Defendant take all necessary steps to restore legal title to their properties as if no foreclosure sale had ever occurred.  In addition, Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosure sales.

97.     Plaintiff and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

**COUNT III**
**BREACH OF CONTRACT AND BREACH OF COVENANT**
**OF GOOD FAITH AND FAIR DEALING**

98.     Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

99.     Plaintiff brings this claim on her own behalf and on behalf of each member of the class described above.

100.    As described above, the mortgage contracts entered into by Plaintiff and members of the class constitute valid offers.

101.    Upon Plaintiff and members of the class executing the mortgage contracts and giving them to their Lenders, those Lender's accepted those offers.

102.    Alternatively, Plaintiff and members of the class' execution of those mortgage contracts thereby giving a security interest in their properties to their Lenders constitutes an offer.

16

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

1:17-CV-00263-JJM-PAS   Document 3   Filed 06/02/17   Page 30 of 34 PageID #: 84

Acceptance of that offer occurred when US Bank accepted payments made by Plaintiff and members of the class pursuant to the mortgage contract.

103.    The mortgage contracts were supported by consideration.  Plaintiff and members of the class' payments to US Bank constitutes consideration.

104.    Plaintiff, members of the class and US Bank thereby formed valid contracts and Plaintiffs and members of the class were, are, and remain ready willing and able to perform under the contracts.

105.    Defendants breached the mortgage contracts of Plaintiff and members of the class by refusing to honor the terms of the mortgage contracts as stated at paragraph 9(d) which states in pertinent part;

> 9(d)  Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

It is a regulation of the Secretary codified in 24 CFR 203.604(b) that:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid...   (See: 24 CFR .604(b)).

Defendant failed to have face to face meetings with Plaintiff and members of the class before three full monthly installments due on the mortgages were unpaid. Further, Defendant

17

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

Case 1:17-cv-00263-JJM-PAS   Document 3   Filed 06/02/17   Page 31 of 34 PageID #: 85

failed to make reasonable efforts to arrange such meetings with Plaintiff and members of the class.

106.    Plaintiff and members of the class have suffered harm and are threatened with additional harm from Defendant's breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

107.    The Defendant is obligated by contract and common law to act in good faith and to deal fairly with the Plaintiffs so as to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance.  *See e.g.*, *Ide Farm & Stable, Inc. v. Cardi,* 110 R.I. 735, 739 (1972).

108.    Upon good information and belief US Bank routinely and regularly acts in bad faith and breaches this duty for its own economic benefit, preventing contractual objectives from being achieved, by:

    a.  Failing to perform loan servicing functions consistent with its responsibilities to Plaintiff and members of the class;

    b.  Failing to properly train and supervise its agents and employees, including without limitation, its loss mitigation and collection personnel, foreclosure personnel;

    c.  Failing to follow through on written and implied promises;

    d.  Failing to follow through on contractual obligations; and

18

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

1:17-CV-00265-JJM-PAS    Document 3    Filed 06/02/17    Page 32 of 34 PageID #: 86

e.  As a result of these failures to act in good faith and the absence of fair

dealing, the Defendants caused Plaintiff harm, as alleged above.  The

Defendants bad faith was thus to Plaintiff's detriment.

## COUNT IV
## VIOLATION OF R.I GEN. LAWS § 6-13-1 CONSUMER PROTECTION AND UNFAIR AND DECEPTIVE ACTS AND PRACTICES LAWS

109.    Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

110.    Plaintiff brings this claim on her own behalf and on behalf of each member of the class

described above

111.    Defendant's conduct as set forth herein constitutes trade - the offering, advertising and

sale of goods and services.

112.    Defendant's conduct as set forth herein occurred in the course of trade or commerce.

113.    Defendant's conduct as set forth herein affects the public interest and is part of a

generalized course of conduct affecting numerous consumers, including Plaintiff.

114.    Plaintiff and members of the class are consumers.

115.    Plaintiff and members of the class sought to obtain Defendant's goods and services

primarily for personal, family or household use.

116.    Defendant made false, deceptive and misleading representations and omissions about

material aspects of the goods and services described herein.

117.    Defendant made these representations and omissions knowingly and willfully and with

the intent that Plaintiff and members of the class would rely on them and would enter into

contract or obligations as a result.

118.    Defendant's conduct was likely to induce reliance and to create confusion and

misunderstanding.

19

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

Case 1:17-cv-00263-JJM-PAS   Document 3   Filed 06/02/17   Page 33 of 34 PageID #: 87

119.    Plaintiff and members of the class did rely on Defendant's representations and omissions.

120.    Defendant's conduct as set forth herein is deceptive, unfair and unconscionable, in violation of R.I. Gen. Laws § 6-13.1-2.

121.    Defendant's conduct as set forth herein is not required, permitted or authorized by any state or federal law.

122.    Defendant's conduct as set forth herein violates established public policy, and the harms caused to Plaintiff and members of the class as consumers greatly outweighs any benefits associated with that conduct.

123.    As a result of Defendant's conduct, Plaintiff and members of the class suffered ascertainable damages and ascertainable losses including:

      a.      wrongful foreclosure;

      b.      otherwise avoidable potential loss of home to foreclosure;

      c.      increased fees and other costs to avoid or attempt to avoid foreclosure;

      d.      loss of savings in fruitless attempts to secure loan modification;

      e.      loss of opportunities to pursue other refinancing or loss mitigation strategies;

      f.      significant stress and emotional distress;

      g.      accrued interest and increased principal balances; and

      h.      less favorable potential modification terms.

20

Case Number: PC-2017-0717
Filed in Providence/Bristol County Superior Court
Submitted: 2/14/2017 2:51:02 PM
Envelope: 931276
Reviewer: Lynn Gaulin

CV-00265-JJM-PAS    Document 3    Filed 06/02/17    Page 34 of 34 PageID #: 88

124.    Plaintiff and members of the class are entitled to actual, statutory and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: February 14, 2017

Respectfully Submitted,
Plaintiff, on Behalf of Herself
And All Others So Similarly Situated,
Through her Attorney,

/s/ Todd S. Dion
Todd S. Dion Esq. (#6852)
371 Broadway
Providence, RI 02909
401-353-1230 Phone
401-965-4131 Cell
401-353-1231 Fax
toddsdion@msn.com

21